**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
TOMAS TIXI ROLDAN,

                *Plaintiff*,

      -against-                              **Civil Action No.:**

MANNY'S SB CONSTRUCTION INC.,           **COMPLAINT**
MANUEL F MIZHIRUMBAY                  **JURY TRIAL DEMANDED**

                      *Defendants*.
---------------------------------------------------------X

Tomas Tixi Roldan ("Plaintiff") by and through his attorneys, Naydenskiy Law Firm, LLC, upon

his knowledge and belief, and as against MANNY'S SB CONSTRUCTION INC., and

MANUEL F MIZHIRUMBAY, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a former employee of MANNY'S SB CONSTRUCTION INC., and

MANUEL F MIZHIRUMBAY, at 3 Longview Terrace, Goshen, NY 10924.

2.     Defendants own(ed), operate(d), and/or control(ed) a construction company

located at 3 Longview Terrace, Goshen, NY 10924.

3.     Plaintiff was employed as a laborer/supervisor from approximately 2021 through

approximately March or April 2025..

4.     At all times relevant to this Complaint, Plaintiff worked for Defendants in excess

of 40 hours per week without appropriate overtime compensation for the hours he worked

each week over 40 hours.

5.     Further, Defendants failed to provide Plaintiff with the proper wage notices and

statements under the New York Labor Laws.

6.      Plaintiff now brings this action for unpaid overtime wages and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9.      Plaintiff Tomas Tixi Roldan ("Plaintiff") was employed by Defendants from approximately 2021 through approximately March or April 2025..

10.     MANNY'S SB CONSTRUCTION INC.. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 3 Longview Terrace, Goshen, NY 10924.

11.     Defendants MANUEL F MIZHIRUMBAY is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant MANUEL F MIZHIRUMBAY is being sued individually in his capacity as owner, officer and/or agent of Defendants

12.     Defendant MANUEL F MIZHIRUMBAY possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

13.     Defendant MANUEL F MIZHIRUMBAY had the power to hire and fire Plaintiff and other employees of the Defendants.

14.     Defendant MANUEL F MIZHIRUMBAY hired Plaintiff and set Plaintiff's pay rate.

15.     Defendant MANUEL F MIZHIRUMBAY hired staff and managed the business.

16.     Defendant MANUEL F MIZHIRUMBAY had the authority to set Plaintiff's schedules.

17.     Defendant MANUEL F MIZHIRUMBAY assigned Plaintiff's duties and schedule

18.     Defendant MANUEL F MIZHIRUMBAY set Plaintiff's pay rate.

19.     Defendant MANUEL F MIZHIRUMBAY had the power to enter into executory contracts on behalf of the business including the lease.

20. Defendant MANUEL F MIZHIRUMBAY managed and controlled the payroll practices of the Defendants.

21.     Defendants employed Plaintiff within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

22.     In the alternative, Defendants constitute a single employer of Plaintiff.

23.     At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

24. Upon information and belief, Defendants, have/had a gross annual volume of revenue of not less than $500,000.

**NOTICE PURSUANT TO**
**N.Y. BUSINESS CORPORATION LAW §§ 624 & 630**

25. Plaintiff hereby demands, pursuant to N.Y. Business Corporation Law § 624(b), the opportunity to examine Defendants MANNY'S SB CONSTRUCTION INC.. books and record(s) containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

26. Pursuant to N.Y. Business Corporation Law § 630, Plaintiff hereby gives notice to the ten largest shareholders of Defendants MANNY'S SB CONSTRUCTION INC.. with the largest ownership interest, as determined as of the beginning of the period during which the unpaid services alleged in this action were performed, that Plaintiff intends to hold them liable jointly and severally and personally liable for all unpaid debts, wages and salaries owed to Plaintiff.

27. Throughout his employment with defendants, Plaintiff was employed as a laborer/supervisor.

28. Plaintiff's work was supervised and his duties required neither discretion nor independent judgment.

29. Plaintiff regularly worked in excess of 40 hours per week.

30. From approximately 2021 to March or April 2025., Plaintiff worked six days a week, twelve to fourteen hours a day, seventy-two to eighty-four (72-84) hours per week

31. From approximately 2021 to March or April 2025., Defendants paid Plaintiff $250 per day for all hours worked. However, compensation became increasingly irregular, with payments reduced to only $50–$100 on certain occasions, and no wages were issued at all for June and July 2025.

32. No proper notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL for each year he worked or change in rate of pay.

33. Defendants never provided Plaintiff with each payment of wages a proper statement of wages, as required by NYLL 195(3).

34. Defendants failed to provide Plaintiff all of the proper and complete notices in English and in Spanish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1) upon being hired or each change in rate of pay.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

35. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

36. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

37. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

38. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

39.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

40.     Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff and  failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

41.     Defendant's failure to pay Plaintiff and failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

42.     Plaintiff was damaged in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**VIOLATION OF THE NOTICE**

**REQUIREMENT OF THE NEW YORK LABOR LAW**

43.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

45.    Defendants failure to provide Plaintiff with a written notice resulted in Plaintiff's working without knowledge of his correct pay frequency and overtime rate.

46.    Because Plaintiff did not receive required information in the form of a notice containing his correct overtime rate, Defendant was able to pay him/her without proper overtime premium.

47.    Plaintiff didn't know he/she were supposed to be paid overtime. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

48.    Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

49.    Plaintiff was denied his ability to proper document his hours worked and pay received and his ability to document his income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

50.    Plaintiff was denied the ability to properly document his employment and income history.

51.    Defendants are liable to Plaintiff in the amount of **$5,000**, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

52.    Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

53.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

54.     Defendants failure to provide Plaintiff with proper wage statements resulted in Plaintiff working without knowledge of his correct overtime rate.

55.     Because Plaintiff did not receive required information in the wage statements containing his correct overtime rate, Defendant was able to pay his without proper overtime premium.

56.     Plaintiff didn't know he/she was supposed to be paid overtime. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

57.     Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying the overtime wage.

58.     Plaintiff was denied his ability to proper document his hours worked and pay received and his ability to document his income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

59.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)　Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to the Plaintiff;

(b)　Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c)　Declaring that Defendants' violation of the provisions of the FLSA were willful as to the Plaintiff;

(d)　Awarding the Plaintiff damages for the amount of unpaid minimum wages, overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)　Awarding the Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)　Declaring that Defendants violated the minimum and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to the Plaintiff;

(g)　Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to the Plaintiff;

(h)　Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to the Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i)      Declaring that Defendant's violations of the New York Labor Law were willful as to the Plaintiff;

(J)      Enjoining Defendants from future violations of the NYLL;

(k)      Awarding the Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as    well as awarding spread of hours pay under the NYLL as applicable;

(l)      Awarding the Plaintiff damages for Defendants' violation of the NYLL notice and wage statement provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)      Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(n)      Awarding the Plaintiff pre-judgment and post-judgment interest as applicable;

(o)      Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: October 31, 2025

By:     */s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

*Attorneys for Plaintiff*